**400**

*mana, Inc.,* 382 F.3d 1241, 1251 (11th Cir. 2004) (quotation omitted). We will not consider an argument not raised in the district court. *F.D.I.C. v. Verex Assurance, Inc.,* 3 F.3d 391, 395 (11th Cir.1993). Lastly, we may affirm the district court on different grounds so long as "the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." *Calhoun v. Lillenas Publ'g,* 298 F.3d 1228, 1230 n. 2 (11th Cir.2002) (quotation omitted).

Having reviewed the record, we first hold that the district court did not abuse its discretion in reasonably construing three of Rease's allegations below—that (1) AT & T committed fraud during discovery; (2) newly discovered evidence from the SSA showed that he was disabled; and (3) the resignation of his counsel constituted ineffective assistance—as falling under Rule 60(b)(1)-(3), and, thus, time-barred under Rule 60(c)(1). *See Klay v. Humana, Inc.,* 382 F.3d 1241 (11th Cir.2004); Fed.R.Civ.P. 60(c)(1). Regarding the remaining two claims, we affirm the district court's denial based on the alternate ground that Rease did not file the motion within a "reasonable time," as required by Rule 60(c)(1). *See* Fed.R.Civ.P. 60(c)(1); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.,* 517 F.3d 1271, 1275 (11th Cir.2008); *Calhoun v. Lillenas Publ'g,* 298 F.3d 1228, 1230 n. 2 (11th Cir.2002).[1]

**AFFIRMED.**

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Russell Glenn MALONE, Defendant–Appellant.**

**No. 08–12304
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 25, 2009.

Michelle Schieber, Macon, GA, Dean S. Daskal, U.S. Attorney's Office, Columbus, GA, for Plaintiff–Appellee.

Demetria Nicole Williams, Macon, GA, Cynthia W. Roseberry, Federal Defenders of the Middle District of GA, Inc., Macon, GA, for Defendant–Appellant.

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Demetria Nicole Williams, appointed counsel for Russell Glenn Malone in this appeal from the district court's denial of Malone's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the

---

1. We will not address Rease's argument—that his motion below was grounded on Rule 60(d)—because he did not raise such argument in the district court. *See Verex Assurance,* 3 F.3d at 391.